```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
                                                      |
JOHNNY THOMPSON                                       |
                                                      |
                Plaintiff,                            |
                                                      |    NOT FOR PUBLICATION
        -against-                                     |    **MEMORANDUM & ORDER**
                                                      |
                                                      |    05-CV-808 (CBA)
TOM VAZQUEZ JANITORIAL                                |
                                                      |
                Defendant.                            |
                                                      |
------------------------------------------------------X
```
AMON, UNITED STATES DISTRICT JUDGE

Plaintiff Johnny Thompson, who is proceeding *pro se*, has filed suit against defendant Tom Vazquez Janitorial, alleging that his termination was in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), codified as amended at 29 U.S.C. §§ 621-634. The defendant has filed a motion for summary judgment, asserting that the plaintiff failed to timely file a complaint with the Equal Employment Opportunity Commission ("EEOC"), and that he has not shown that he was discriminated against based on age. For the reasons set forth below, defendant's motion is granted.

**I.      Background**

Tom Vazquez Janitorial Services, Inc. ("Vazquez"), a maintenance, cleaning and landscaping company, employed Thompson from October 1999 until August 2002 and from March 2003 to October 2003. Thompson alleges that he was discharged because of his age in violation of the Age Discrimination in Employment Act ("ADEA"), codified at 29 U.S.C. §§ 621-634.

Thompson began working for Vazquez in 1999, when it began servicing the Fort Totten

army base. Prior to his employment with Vazquez, Thompson had been employed with another company that serviced that same facility. (Rule 56.1 St. at ¶ 4.) Thompson was first terminated in August 2002 for poor work performance. (See id. at ¶¶ 7-9.) He was rehired in March 2003, after he approached the base commander at Fort Totten and solicited his help in getting rehired. The base commander spoke to Paul Krandel, who agreed to re-hire Thompson. (Id. at ¶¶ 10-11.) However, Thompson was fired for a second time in October 2003, again for poor work performance. (Id. at ¶¶ 14-16.)

On or about February 2004, Thompson filed a complaint with the City of New York Commission on Human Rights ("Human Rights Commission") alleging age discrimination under N.Y.C. Admin. Code § 8-107. (Complaint at ¶ 9.) In May 2004, Thompson filed a charge of age discrimination with the Equal Employment Opportunity Commission ("EEOC"). (Complaint at ¶ 10.) Thompson's Human Rights Commission complaint was dismissed on September 24, 2004, as the Human Rights Commission found that Thompson's age "played no role" in the employment decisions against him. In addition, the Commission found that his claim of alleged age discrimination in conjunction with his termination in August 2002 was time barred. (See Bratti Cert., Exh. C.) On January 21, 2005, the EEOC dismissed Thompson's age discrimination claim and issued him a Dismissal and Notice of Right to Sue, adopting the findings of the Human Rights Commission. (See Bratti Cert, Exh. E).

I. Discussion

1. Standard of Review

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter

of law." Fed. R. Civ. P. 56(c); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Belfi v. Prendergast, 191 F.3d 129, 135 (2d Cir. 1999). The Court's function is not to resolve disputed issues of fact but only to determine whether there is a genuine issue to be tried. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

The court is required to view the evidence in the light most favorable to the nonmoving party, see Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970), and must construe the *pro se* plaintiff's claims liberally in deciding the motion for summary judgment, see Sawyer v. Am. Fed'n of Gov't Employees, AFL-CIO, 180 F.3d 31, 36 (2d Cir. 1999) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)). Nevertheless, the non-moving party cannot rest on "mere allegations or denials" but must instead "set forth specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e); Nat'l Westminster Bank USA v. Ross, 676 F. Supp. 48, 51 (S.D.N.Y. 1987) ("Speculation, conclusory allegations, and mere denials are not enough to raise genuine issues of fact."). No genuine issue exists "unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (citations omitted).

Under the Local Rules of the United States District Court for the Southern and Eastern District, summary judgment may be granted in a *pro se* case when (1) the plaintiff has received adequate notice that failure to respond may result in dismissal of the case and (2) the court determines that the facts as to which there is no genuine dispute show that the moving party is entitled to a judgment as a matter of law. See Champion v. Artuz, 76 F.3d 483, 486 (2d Cir. 1996); see also Fed. R. Civ. P. 56(e). Thompson received notice informing plaintiff of the nature and consequences of summary judgment required under Vital v. Interfaith Med. Ctr., 168 F.3d

615, 620-21 (2d Cir. 1999). Although Thompson did not file a 56.1 statement, he submitted a letter in response to Vazquez's motion for summary judgment.

### 2. Thompson's August 2002 claim is time-barred

Before pursuing an action under the ADEA, a plaintiff must first file a charge of discrimination with the EEOC. A charge of discrimination must be filed within 180 days of the alleged unlawful employment practice occurred, unless there is a state agency with authority to grant or seek relief from such discriminatory practice, in which case the charge must be filed within 300 days after the alleged unlawful employment practice occurred. 29 U.S.C. §§ 626(d), 633(b). In New York, which has such an agency, a charge of discrimination must be filed with the EEOC within 300 days. See Brodsky v. City Univ., 56 F.3d 8, 10 (2d Cir. 1995). Thompson was initially terminated in August 2002. However, according to his complaint, he did not file with the EEOC until May 2004, more than 300 days after his first termination. Furthermore, Thompson has not argued that he was unaware of the nature of his termination, such that the statute of limitations did not begin to run in August 2002, nor has he claimed that equitable tolling of the statute of limitations should apply. Thus, Thompson's claim that his August 2002 termination violated the ADEA is time-barred. Furthermore, as discussed below, such a claim cannot survive summary judgment.

### 3. Thompson's claims fail as a matter of law

Thompson's claims that his August 2002 and March 2003 terminations violated the ADEA fail as a matter of law. This Court analyzes ADEA claims under the same three-step burden-shifting analysis applied to claims brought pursuant to Title VII. See Schnabel v. Abramson, 232 F.3d 83, 87 (2d Cir. 2000) (citing Woroski v. Nashua Corp., 31 F.3d 105, 108 (2d Cir. 1994)). First, the plaintiff must prove, by a preponderance of the evidence, a prima

4

facie case of discrimination. In order to establish a prima facie case of age discrimination, "a plaintiff must show (1) that he was within the protected age group, (2) that he was qualified for the position, (3) that he was discharged, and (4) that the discharge occurred under circumstances giving rise to an inference of age discrimination." Schnabel, 232 F.3d at 87 (internal quotations and citations omitted). Upon such a showing, the burden then shifts to the employer to articulate a legitimate, non-discriminatory reason for the employee's rejection. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-803 (1973). Once the defendant does so, the burden rests on the plaintiff to establish that the employer's stated reason was merely a pretext for discrimination. Id. at 88 (citing Hollander v. Am. Cyanamid Co., 172 F.3d 192, 200 (2d Cir. 1999)).

Although Thompson was within the protected age group and was discharged, he has not made out his prima facie case of age discrimination. In particular, Thompson has not shown that his discharge occurred under circumstances giving rise to an inference of age discrimination, but has instead relied on his unsupported speculation that because he was within the protected age group and other workers were younger, he must have been fired for discriminatory reasons.

As an initial matter, Thompson testified at his deposition that he did not believe that anyone at Vazquez was treated more or less favorably than he was based on his or her age. (Pl. Dep. Tr. at 176:22-177:18). Thompson claim that he was the oldest employee is not only insufficient to establish that he was discriminated against, but is apparently factually inaccurate. Vazquez provided an affidavit and a list of employees to establish that, at the time of Thompson's discharge, several employees were older than he. (Rule 56.1 St. at ¶ 18; Vazquez Cert., Exh. B.) Since the filing of this affidavit, Thompson has not disputed that, at the time of his termination, he was not the oldest employee at Vazquez. (Vazquez Cert., Exh. B.)

Thompson has not pointed to any other facts or circumstances that would suggest that his

5

termination was related to his age. The supervisor who made the decision to terminate Thompson in March 2003 was only three years younger than Thompson. That same supervisor rehired Thompson, after his initial termination, when Thompson was already within the protected age group and terminated Thompson less than a year later. See Grady v. Affiliated Cent., Inc., 130 F.3d 553, 561 (2d Cir. 1997) ("[W]hen the person who made the decision to fire was the same person who made the decision to hire, it is difficult to impute to her an invidious motivation that would be inconsistent with the decision to hire."); Schnabel, 232 F.3d at 91 (dismissing plaintiff's ADEA claim and noting that the individual who terminated plaintiff was the same individual who hired him three years earlier).

Even if Thompson had made out a prima facie case of discrimination, however, Vazquez set forth a legitimate, non-discriminatory reason for firing him, namely poor work performance. In his deposition, Thompson conceded that before his August 2002 discharge, Kandel criticized him for poor work performance in that he failed to properly clean the floors. (Pl. Dep. Tr. at 140:13-142:10.) Upon being rehired, Thompson continued to be criticized for not performing adequately, (Pl. Dep. Tr. at 137:2-138:2, 138:20-139:14), and was terminated for a second time on October 12, 2003. Thompson has not presented evidence to suggest that the reason proffered for his termination, deficient performance, was untrue and merely a pretext for discrimination.[1]

In short, Thompson has presented no evidence to support his contention that he was fired for discriminatory reasons. Rather, Thompson's claim rests on mere allegations and conclusory

---

[1] In his affidavit in response to Vazquez' motion for summary judgment, Thompson attached a letter from Michael Kemp, Thompson's supervisor from 1998-2002. In that letter, dated March 19, 2006, Kemp states that Thompson's performance was "excellent." Because the Kemp letter is not in the form of an affidavit, it is not admissible. Moreover, it has no relevance to Thompson's termination in 2003.

statements. Accordingly, this Court grants defendant's motion for summary judgment.

## CONCLUSION

For the reasons set forth herein, the defendant's motion for summary judgment is granted. The Clerk of the Court is directed to enter judgment in accordance with this Order and to close the case.

SO ORDERED

Dated: Brooklyn, New York
November 28, 2006

Carol Bagley Amon
United States District Judge